**OUTTEN & GOLDEN LLP**
Gary Phelan (GP 0500)
Mark R. Humowiecki (MH 4368)
Attorneys for Plaintiff
3 Park Avenue
New York, NY 10016
(212) 245-1000
Fax: (212) 977-4005



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05 CV 8460

---

JULIA PANELY-PACETTI,

                Plaintiff,

    -against-

AMERICAN VANTAGE COMPANIES,
and AMERICAN VANTAGE MEDIA
CORPORATION,

              Defendants.

CIVIL ACTION NO.:

COMPLAINT

JURY TRIAL DEMANDED

---

       Plaintiff, by and through her attorneys, Outten & Golden LLP, alleges and states as follows:

### PRELIMINARY STATEMENT

      1.     Ms. Julia Panely-Pacetti, a new mother who suffers from Multiple Sclerosis (MS), was terminated by Defendants from her position as head of public relations and corporate marketing because of her sex and her disability. Defendants' termination of Ms. Panely-Pacetti occurred while she was on a protected Family and Medical Leave Act (FMLA) maternity leave, even though she had been forced to continue performing her job responsibilities from home throughout her maternity leave. Defendants' unlawful, discriminatory termination of Ms. Panely-Pacetti has caused her to suffer severe financial and emotional harm.

1

## JURISDICTION AND VENUE

2.     The plaintiff, Julia Panely-Pacetti, brings this action to recover damages caused by the defendants' violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., the New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-101 et seq.  ("NYCHRL").

3.     This court has jurisdiction pursuant to 29 U.S.C. § 2617 (FMLA) and 28 U.S.C. §§ 1331 and 1343.   This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

4.     Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) as this action arose, in substantial part, within the Southern District of New York, where the unlawful employment practices alleged herein occurred and many of the records pertinent thereto are maintained.

## CONDITIONS PRECEDENT

5.     The plaintiff timely filed charges of discrimination, based on disability and sex, and retaliation with the Equal Employment Opportunity Commission ("EEOC").

6.     Without completing its investigation, on July 5, 2005 the EEOC duly issued to the plaintiff a Notice of Right To Sue after 180 days elapsed from the filing of the charges.  This complaint has been filed within 90 days of the receipt of that notice by

Ms. Panely-Pacetti.  Ms. Panely-Pacetti has fully complied with all prerequisites to jurisdiction in this Court under the ADA and Title VII.

7.      Contemporaneously with the filing of this Complaint, Plaintiff has mailed a copy of this Complaint to the New York City Commission of Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of Section 8-502 of the New York City Administrative Code.

**PARTIES**

8.      Plaintiff Julia Panely-Pacetti is an individual who currently resides in Brooklyn (Kings County), New York.  She is an "individual with a disability" within the meaning of the ADA, the NYSHRL, and the NYCHRL. Until her termination, she was an "employee," as defined by the relevant statutes.

9.      Defendant American Vantage Companies ("AVC") is a Nevada corporation with corporate headquarters located in Las Vegas, Nevada.  AVC maintains offices and does business in New York City.  The defendant is an "employer" as defined by Title I of the ADA, Title VII, the FMLA, the NYSHRL and the NYCHRL.

10.     Defendant American Vantage Media Corporation ("AVMC") is a Nevada corporation with corporate headquarters located in Las Vegas, Nevada.  It is a wholly-owned subsidiary of AVC.  AVMC maintains offices and does business in New York City and Santa Monica, California.  AVMC is an "employer" as defined by Title I of the ADA, Title VII, the FMLA, the NYSHRL and the NYCHRL.

## FACTUAL ALLEGATIONS

11.     In May 2000, Ms. Panely-Pacetti began working as marketing manager for Winstar TV & Video, the former name of Wellspring Media, Inc. ("Wellspring").  She was promoted to director of marketing for Winstar in 2001.

12.     On February 4, 2004, AVMC acquired Wellspring and named Ms. Panely-Pacetti Head of Corporate Communications and Marketing for AVMC and AVC.  Her responsibilities included "unifying and centralizing the corporate communications strategy of American Vantage Companies and its entertainment subsidiary American Vantage Media Corporation."

13.     Ms. Panely-Pacetti reported directly to Stephen Bannon, CEO of AVMC and Vice Chairman of AVC.  During early 2004, Mr. Bannon told Ms. Panely-Pacetti and others that he intended to promote Ms. Panely-Pacetti further and give her responsibility for all creative services and marketing for AVC.

14.     During her tenure with Defendants, Ms. Panely-Pacetti performed work directly for Ronald Tassinari, the CEO of AVC.

15.     Ms. Panely-Pacetti performed her job well and received high praise and increased responsibility for corporate communications and marketing through June 2004. She frequently worked up to twelve hours per day and was on-call to AVC and AVMC management at all times, including weekends.

16.     Ms. Panely-Pacetti became pregnant with her first child in December 2003 and notified Mr. Bannon of this fact in late April 2004.  She informed him that she would take a maternity leave in August 2004 and would expect to return to work after a twelve-

week long leave, which is provided for by the Wellspring Employee Manual which Defendants maintained and which went into effect after February 4, 2004.

17.     Following Ms. Panely-Pacetti's announcement of her pregnancy, and particularly as her due date approached, Mr. Bannon treated her differently.  He became less available to her on professional matters, did not respond to her requests for maternity-leave and post-maternity leave accommodations, and spoke disparagingly of her pregnancy.

18.     In late July 2004, Ms. Panely-Pacetti began working from home because of a pregnancy-related health concern.  She continued to perform the same duties that she had performed while working in her office and maintained regular email and telephone communication with office personnel and press and marketing contacts with whom AVMC was doing business.

19.     On August 15, 2004, Ms. Panely-Pacetti gave birth to her first child and began her paid twelve week maternity leave.  AVMC and AVC did not hire a replacement for Ms. Panely-Pacetti at the time of her leave.  Instead, they nominally distributed her job responsibilities among existing staff and continued to rely on her to perform her job responsibilities from home.

20.     Throughout August and September 2004, AVMC and AVC did not respect Ms. Panely-Pacetti's maternity leave.  Throughout that period, she received regular communications from work via telephone and email, including a two-week period during which David Schulte, Vice-Chairman of AVMC, called her throughout the day and night regarding a press release.

21.     In September 2004, Mr. Schulte told Ms. Panely-Pacetti that she was required to work harder during her maternity leave and to respond more quickly to himself regarding work-related issues.  Ms. Panely-Pacetti told Mr. Schulte that, because she was on maternity leave and attending to the needs of her newborn, she was unable to be on call to him and to Mr. Bannon at all times or to answer every phone call and email.  Ms. Panely-Pacetti asked Mr. Bannon to intervene to instruct Mr. Schulte to respect her maternity leave.  Mr. Bannon did not respond to her request.

22.     On September 13, 2004, Mr. Bannon demanded in an email that Ms. Panely-Pacetti respond to questions and requests from Mr. Schulte more quickly.

23.     The two weeks during September 2004 when Ms. Panely-Pacetti worked with Mr. Schulte were not counted towards her twelve weeks of maternity leave.  As a result, her maternity leave was scheduled to continue until November 22, 2004.

24.     On October 10, 2004, Ms. Panely-Pacetti, who had been diagnosed with MS in December 2001, experienced a flare-up of the neurological symptoms of MS.

25.     As a result of her MS, Ms. Panely-Pacetti was severely limited, among other things, in her ability to care for herself and to perform household chores.  During episodes of MS, Plaintiff experienced weakness in her leg, extreme fatigue, involuntary muscle spasms, intense discomfort, and anxiety.

26.     On October 29, 2004, Plaintiff filed a claim for short-term disability ("STD") insurance based on the symptoms she experienced as a result of her MS.  She informed AVC and AVMC of her STD claim on November 1, 2004.

27.    On November 2, 2004, Matt Smith, AVMC's Chief Financial Officer and Executive Vice-President, informed Ms. Panely-Pacetti that she was being laid off and that her employment was terminated effective immediately.

28.    Ms. Panely-Pacetti was not paid for the remainder of her maternity leave.

## FIRST CAUSE OF ACTION
### Title VII – Sex
### 42 U.S.C. §§ 2000e et seq.

29.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

30.    Defendants decided to terminate Plaintiff's employment in whole or in part because she is a woman.

31.    Defendants decided to terminate Plaintiff's employment in whole or in part because she became a mother.

32.    Defendants violated Title VII by discriminating against Plaintiff because of her sex.

33.    Ms. Panely-Pacetti has suffered damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

## SECOND CAUSE OF ACTION
### New York State Human Rights Law – Sex
### N.Y. Exec. L. §§ 290 et seq.

34.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

35.     Defendants decided to terminate Plaintiff's employment in whole or in part because she is a woman.

36.     Defendants decided to terminate Plaintiff's employment in whole or in part because she became a mother.

37.     Defendants violated the NYS Human Rights Law by discriminating against Plaintiff because of her sex.

38.     Ms. Panely-Pacetti has suffered damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

**THIRD CAUSE OF ACTION**
**New York City Human Rights Law - Sex**
**N.Y. City Admin. Code §§ 8-101 et seq.**

39.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40.     Defendants decided to terminate Plaintiff's employment in whole or in part because she is a woman.

41.     Defendants decided to terminate Plaintiff's employment in whole or in part because she became a mother.

42.     Defendants violated the NYC Human Rights Law by discriminating against Plaintiff based on her gender.

43.     Ms. Panely-Pacetti has suffered damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

8

## FOURTH CAUSE OF ACTION
### Family and Medical Leave Act – Interference
### 29 U.S.C. §§ 2601 et seq.

44.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45.     Plaintiff was entitled to twelve weeks of leave under the FMLA as the parent of a newborn child.

46.     Defendants interfered with Plaintiff's right to an FMLA leave.

47.     Defendants violated the FMLA by interfering with Plaintiff's exercise of her FMLA rights.

48.     Ms. Panely-Pacetti has suffered damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

## FIFTH CAUSE OF ACTION
### Family and Medical Leave Act – Discrimination
### 29 U.S.C. §§ 2601 et seq.

49.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50.     Plaintiff exercised her right to a parental leave under the FMLA.

51.     Plaintiff opposed Defendants' interference with her rights under the FMLA.

52.     Defendants terminated Plaintiff in whole or in part because she exercised her right to an FMLA leave.

9

53.     Defendants terminated Plaintiff in whole or in part because she opposed Defendants' interference with her rights under the FMLA.

54.     Defendants violated the FMLA by discriminating against Plaintiff based on her exercise of her FMLA rights and her opposition to practices that violated the FMLA.

55.     Ms. Panely-Pacetti has suffered damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.


### SIXTH CAUSE OF ACTION
**Americans with Disabilities Act**
**42 U.S.C. §§ 12101 et seq.**

56.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57.     Ms. Panely-Pacetti's medical conditions as described in this Complaint constituted a disability within the meaning of the ADA.

58.     Defendants regarded Ms. Panely-Pacetti as suffering from a physical impairment that substantially limits one or more major life activities, including but not limited to working.

59.     Defendants violated Title I of the Americans with Disabilities Act when they discriminatorily terminated Ms. Panely-Pacetti's employment in whole or in part because of her known disability and/or because they regarded her as having a disability.

60.     Ms. Panely-Pacetti suffered damages as a result of Defenants' unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

### SEVENTH CAUSE OF ACTION
#### New York State Human Rights Law - Disability
#### N.Y. Exec. L. §§ 290 et seq.

61.     Ms. Panely-Pacetti incorporates the preceding paragraphs by reference.

62.     Ms. Panely-Pacetti's medical conditions as described in this Complaint constituted a disability within the meaning of the New York State Human Rights Law. N.Y. Exec. L. § 292(21).

63.     Defendants regarded Ms. Panely-Pacetti as suffering from a physical impairment that prevented the exercise of normal bodily functions.

64.     Defendants violated the New York State Human Rights Law when they terminated Ms. Panely-Pacetti's employment in whole or in part because of her known disability and/or because they regarded her as having a disability.  N.Y. Exec. L. § 296.

65.     Ms. Panely-Pacetti suffered damages as a result of Defendants' unlawful act, including past and future lost wages and benefits, and past and future physical and emotional distress.

### EIGHTH CAUSE OF ACTION
#### New York City Human Rights Law - Disability
#### N.Y. City Admin. Code §§ 8-101 et seq.

66.     Ms. Panely-Pacetti incorporates the preceding paragraphs by reference.

67.     Ms. Panely-Pacetti's medical conditions as described in this Complaint constitute a disability within the meaning of the New York City Human Rights Law. N.Y.C. Admin. Code § 8-102(16).

68.     Defendants regarded Ms. Panely-Pacetti as suffering from a physical impairment that prevented the exercise of normal bodily functions.

69.     The New York City Human Rights Law prohibits the discharge of an employee based on an employee's actual or perceived disability. N.Y.C. Admin. Code § 8-107.

70.     Defendants violated the New York City Human Rights Law by terminating Ms. Panely-Pacetti in whole or in part because of her known disability or perceived disability.  N.Y.C. Admin. Code § 8-107.

71.     Ms. Panely-Pacetti has suffered damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, past and future physical and emotional distress, and the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that upon trial this Court enter judgment:

A.     Declaring that the actions and practices of Defendants violated Title VII, the ADA, the FMLA, the NYSHRL, and the NYCHRL and enjoining such violations;

B.     Directing Defendants to make Panely-Pacetti whole by providing her with back pay, reinstatement or front pay in lieu thereof, and reimbursement for lost medical insurance, Social Security and other employment-related benefits;

C.      Directing Defendants to pay Panely-Pacetti compensatory damages for the injuries caused to her by their discrimination and retaliation;

D.      Directing Defendants to pay Rozell punitive damages sufficient to punish and deter continuation of their unlawful employment practices;

E.      Directing Defendants to pay Panely-Pacetti lost wages and other compensation, interest, and liquidated damages, as provided by the FMLA.

F.      Awarding Panely-Pacetti reasonable attorneys' fees, expert witness fees, and costs, as provided by Title VII, the FMLA, the ADA, and the NYCHRL; and

G.      Granting such additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: New York, New York
        September 30, 2005

                        Respectfully submitted,
                        **OUTTEN & GOLDEN LLP**

        By:     _____
                        Gary Phelan (GP 0500)
                        Mark Humowiecki (MH 4368)
                        3 Park Avenue, 29th floor
                        New York, New York 10016
                        Telephone: (212) 245-1000
                        Facsimile:   (212) 977-4005